JAMES MORBITO, Plaintiff, *v.* MOODY L. RUPP and Others, Defendants.

Supreme Court, Erie County, April 8, 1932.

*Samuel Sapowitch*, for the plaintiff.

*Selby G. Smith* [*Edward H. Farnham* of counsel], for the defendant Dwaileebee.

*Kimball & Smith* [*Wallace H. Smith* of counsel], for the defendant Moody L. Rupp.

*Ulysses S. Thomas* [*Ralph W. Dox* of counsel], for the defendant Arthur Stutzman.

HARRIS, J. The defendant Dwaileebee moves at a March, 1932, Special Term for an order striking out such defendant as a defendant in this action and dismissing the supplementary summons and pleadings of the defendant Rupp. The order which the defendant Dwaileebee now asks to have vacated was granted at Special Term on the 15th day of May, 1931, on motion of the attorneys for the defendant Rupp and upon notice of said motion to the plaintiff but without any notice whatsoever to the said defendant Dwaileebee. Such order of May 15, 1931, was granted on the then supposed

meaning and intent of section 211-a of the Civil Practice Act and its then supposed relation to section 193, subdivision 2, of the Civil Practice Act, and on the then authority of *Fox* v. *Western New York Motor Lines, Inc.* (232 App. Div. 308). (As to the present meaning and intent of section 211-a, see *Fox* v. *Western New York Motor Lines, Inc.*, 257 N. Y. 305.)

The defendant Dwaileebee did not appeal from such Special Term order of May 15, 1931, and in compliance with such order he was served with a summons and supplemental pleading on behalf of the defendant Rupp and he duly answered to such supplemental pleading. His time to appeal from such order has expired.

The present application of the defendant Dwaileebee is not opposed by the plaintiff but is opposed by the defendants Rupp and Stutzman. The contention of such opposing defendants is that the sole remedy that the defendant Dwaileebee had in reference to the granting of the order of May 15, 1931, was an appeal from such order and that failing such appeal and serving his answer has made the order of May, 1931, the law of this case.

It is undoubtedly good law that a failure to appeal from an order made on a contested motion waives the right of the aggrieved party to relief in reference to such order and that such failure to so appeal makes the order the law of the case in which it is made. However, for the following reasons, I am of the opinion that this court should not consider the opposition of the defendants Rupp and Stutzman to the granting of the relief asked for by the defendant Dwaileebee on the present motion. The supplemental pleading of the defendant Rupp makes no tenable claim in behalf of such defendant Rupp against the defendant Dwaileebee. From the rulings of the learned Court of Appeals in *Fox* v. *Western New York Motor Lines, Inc.* (257 N. Y. 305) and in *Ward* v. *Iroquois Gas Corp.* (258 id. 124) this court reaches the conclusion that the defendants Rupp and Stutzman have no standing in this court on this motion and have no right to oppose the same and that, therefore, in view of the fact that the plaintiff does not oppose the present motion, the defendant Dwaileebee is entitled to the relief asked for by him on this motion, to wit, an order striking out the defendant Dwaileebee as a defendant in this action and dismissing the supplementary summons and pleadings of the defendant Rupp as against such defendant Dwaileebee.