statute of limitations becomes an affirmative defense.

█ It is my judgment that the decision on the motion for a summary judgment is to be made upon the whole record. Otherwise the pre-trial conference would be vanity.

█ It seems that such question as raised in this case is well settled under authority of the Supreme Court of the State of Tennessee wherein it is held that the statute of limitation does not run against a non-resident, but only against a resident of the State of Tennessee. That the right to sue in this state begins when a defendant comes into the jurisdiction of the state, and that the statute of limitations runs from that time. Kempe v. Bader, 86 Tenn. 189, 6 S.W. 126.

█ Under this authority I am of the opinion that the plea of the statute of limitations in this case is not well taken and the motion for a summary judgment will be sustained. The case will stand for trial on the other issues made by the pleas.

Let an order be prepared for entry in accord with this opinion.

Nicholas D. Lamorte, of New York City, for plaintiff.

Joseph Strauss, of New York City, for third party plaintiff.

Harold J. Robbins, of New York City, for defendants Casari and Steneck.

COXE, District Judge.

Under Rule 14 of the Federal Rules, 28 U.S.C.A. following section 723c, a defendant may bring in a third party who "is or may be liable" either to the original defendant or to the original plaintiff. This is quite different from Section 193, subdiv. 2 of the New York Civil Practice Act, which merely allows a defendant to bring in a third party against whom there is a liability over. Fox v. Western New York Motor Lines, Inc., 257 N.Y. 305, 178 N.E. 289, 78 A.L.R. 578. Rule 14 is clear in its language, and plainly covers the present case. I think, therefore, that the order of January 11, 1940, was proper.

The motion of the third party defendants to vacate the order of January 11, 1940, is denied.

### LENSCH v. BOUSHELL CARRIER CO., Inc. (CASARI et al., Third Party Defendants).

District Court, S. D. New York.

Feb. 26, 1940.

### BLOOMFIELD et al. v. MEASURING DEVICE CORPORATION.

District Court, S. D. New York.

April 6, 1939.

