DU RITE LAUNDRY, INC., Plaintiff, *v.* WASHINGTON ELECTRIC CO., INC., Respondent, and THE HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY, Impleaded Defendant, Appellant.

Third Department, March 4, 1942.

*Harry A. Allan*, for the plaintiff.

*Carter & Conboy*, for the appellant.

*Bernard M. Rosen*, for the respondent.

HILL, P. J.  The impleaded defendant, The Hartford Steam Boiler Inspection and Insurance Company (hereinafter called the Inspection Company) appeals from an order denying its motion for a dismissal of the cross-complaint of the defendant-respondent Washington Electric Co., Inc. (hereinafter called the Electric Company).  The action was brought originally by plaintiff (Laundry Company) against the Electric Company for damages asserted to have arisen because it had failed in its contractual obligation to deliver to plaintiff machinery and equipment free from defects.

The contract between plaintiff, the Laundry Company, and the original defendant, Electric Company, provided that the purchase and sale was conditioned upon the approval of the machinery and equipment by the Inspection Company.  " The equipment is to be inspected by our insurance company (Hartford Steam Boiler Inspection Co.).  If this equipment does not pass their inspection, it is understood that the contract will be cancelled  *  *  *."  The supplemental cross-complaint by the Electric Company against the Inspection Company pleads that plaintiff, the Laundry Company, engaged the Inspection Company to inspect the equipment upon its representation to both parties that equipment it approved would be without defect.  The Electric Company contracted to purchase the machinery and equipment from the Mott Haven Machine Works, Inc., agreeing to accept delivery only after the Inspection Company had approved the merchandise at the plant of the Machine Company.  Thereafter the Electric Company, relying upon the representation and approval of the Inspection Company, completed its purchase, accepted the machinery, etc., and delivered it to the Laundry Company.

" Where any party to an action shows that some third person, not then a party to the action, is or will be liable to such party wholly or in part for the claim made against such party in the action, the court  *  *  *  may order such person to be brought in as a party to the action and direct that a supplemental summons and a pleading  *  *  *  be served upon such person."  (Civ. Prac. Act, § 193, subd. 2.)  The Electric Company may implead the Inspection Company as a party as its cross-complaint shows a right to recover wholly or in part any amount for which it is liable to the Laundry Company.  (*Fox* v. *Western N. Y. Motor Lines, Inc.*, 257 N. Y. 305; *Municipal Service R. E. Co.* v. *D. B. & M. Holding Corp.*, Id. 423; *Matthews* v. *Truax, Carsley & Co.*, 265

id. 6.) While the contract for inspection was made between the plaintiff Laundry Company and the appellant Inspection Company, the latter would be liable to the Electric Company, which had relied upon the Inspection Company's representation. (*Glanzer v. Shepard,* 233 N. Y. 236; *Ultramares Corp.* v. *Touche,* 255 id. 170; *Doyle* v. *Chatham & Phenix National Bank,* 253 id. 369.)

The order should be affirmed.

CRAPSER, HEFFERNAN, SCHENCK and FOSTER, JJ., concur.

Order affirmed, with ten dollars costs.