CLAUDE T. Fox, Respondent, *v.* WESTERN NEW YORK
MOTOR LINES, INC., Respondent, and WILLIAM H.
HARLOFF, Appellant.

(Argued September 29, 1931; decided November 17, 1931.)

*Milton L. Baier* and *Chester F. Lexer* for appellant.
No power resides in any court by reason of the provisions
of section 211-a and section 193, subdivision 2, of the
Civil Practice Act to bring in an unsued tort feasor as a
party defendant on the motion of his sued fellow tort
feasor. (*Greenhouse* v. *Rochester Taxicab Co.*, 218 App.

Div. 224; *Rowe* v. *Denler*, 135 Misc. Rep. 286; *Haines* v. *Bero Engineering Construction Corp.*, 230 App. Div. 332; *Price* v. *Ryan*, 255 N. Y. 16; *Deuscher* v. *Cammerano*, 256 N. Y. 328.)

*Esmond D. Murphy* for respondent. There can be no doubt of the propriety of the order joining appellant as a party defendant, or of the power of the court to make such order. (*Fedden* v. *Brooklyn Eastern District Terminal*, 204 App. Div. 741; *Wichert* v. *Gallagher*, 201 N. Y. Supp. 186; 206 App. Div. 756; *Hailfinger* v. *Meyer*, 215 App. Div. 35; *Eighth & Ninth Ave. Rys.* v. *City of New York*, 223 App. Div. 316; *Fisher* v. *Bullock*, 204 App. Div. 523; *Greenhouse* v. *Rochester Taxicab Co.*, 218 App. Div. 224; *Haines* v. *Bero Engineering Construction Corp.*, 230 App. Div. 332; *Price* v. *Ryan*, 255 N. Y. 16; *Davis* v. *Hauk & Schmidt, Inc.*, 232 App. Div. 556; *Schenck* v. *Bradshaw*, 251 N. Y. Supp. 316; *Riley* v. *Wood*, 139 Misc. Rep. 314; *Trashaw* v. *Altman & Co.*, 250 N. Y. Supp. 599.)

CRANE, J. The Appellate Division, following its previous decision in *Haines* v. *Bero Engineering Construction Corp.* (230 App. Div. 332), has held that under section 211-a of the Civil Practice Act a defendant in a negligence action may bring in on his motion a joint tort feasor not made a party to the action by the plaintiff. While appreciating the force of the argument and the sentiments expressed in the opinions of that court, yet we find it impossible to sustain the ruling; it is contrary to the wording and purposes of the statute. Section 193, subdivision 2, reads as follows:

" 2. Where any party to an action shows that some third person, not then a party to the action, is or will be liable to such party wholly or in part for the claim made against such party in the action, the court, on application of such party, may order such person to be brought in as a party to the action and direct that a supplemental summons and a pleading alleging the claim of such party

against such person be served upon such person and that such person plead thereto, so that the claim of such moving party against such person may be determined in such action, which shall thereupon proceed against such person as a defendant therein to such judgment as may be proper."

This section has remained unchanged since the last amendment, chapter 250 of the Laws of 1923. Under it a joint tort feasor could not be brought in on the application of a defendant in the action unless the party to be brought in was liable over to the defendant by reason of contract or status. As the section says in so many words, the third person not then a party to the action must be liable to such party, wholly or in part, for the claim made against such party in the action. Such is not the case between joint tort feasors, unless there is liability over, either through indemnity or contribution or otherwise, existing at the time of the application. (*Greenhouse* v. *Rochester Taxicab Co.*, 218 App. Div. 224.)

By chapter 714 of the Laws of 1928, section 211-a was added to the Civil Practice Act, and reads as follows:

" § 211-a. Action by one joint tort feasor against another. Where a money judgment has been recovered jointly against two or more defendants in an action for a personal injury or for property damage, and such judgment has been paid in part or in full by one or more of such defendants, each defendant who has paid more than his own pro rata share shall be entitled to contribution from the other defendants with respect to the excess so paid over and above the pro rata share of the defendant or defendants making such payment; provided, however, that no defendant shall be compelled to pay to any other such defendant an amount greater than his pro rata share of the entire judgment. Such recovery may be had in a separate action; or where the parties have appeared in the original action, a judgment may be

entered by one such defendant against the other by motion on notice."

The conditions stated in this section must exist before the right to contribution is given. The two or more defendants must be parties to the action at the suit of the plaintiff and a money judgment must have been recovered jointly against them. Under such circumstances the payment of the entire amount of the judgment by one of the judgment debtors gives him the right to collect the *pro rata* share from the other defendant or defendants. We said in *Price* v. *Ryan* (255 N. Y. 16): "The Civil Practice Act (§ 211-a) in furnishing to one joint tort feasor a remedy for the recovery of contribution from the other, expressly confines the remedy to cases where a money judgment has proceeded against both. At common law Ryan would have had no cause of action in contribution. Under the statute he has none, since no judgment against his joint tort feasor has been had." (See, also, *Deuscher* v. *Cammerano*, 256 N. Y. 328.)

Section 211-a has in no way modified or extended section 193, subdivision 2, of the Civil Practice Act, or the limitations placed upon it by the courts. The practice under the latter section is the same now as it has been since 1923. Section 211-a sought to remedy one glaring defect in the law. Where a judgment had been recovered against two joint tort feasors, the payment by one relieved the other of all liability, either to the plaintiff or to the paying defendant. This was changed by requiring the joint defendant to pay his share of the judgment. This is the only change that has been made. A plaintiff may now sue as many defendants as he pleases whom he thinks may be liable in negligence for his damages. The Legislature has not yet given this same choice to the defendants to bring in other parties, whom they think should be liable either in place of or jointly with those whom the plaintiff has selected. If section 193 is to be

extended, it must be by act of the Legislature and not by the fiat of the courts.

The facts of this case to which this law is to be applied are briefly these: The plaintiff commenced an action against the Western New York Motor Lines, Inc., for negligence in running a motor bus into a motor truck owned and operated by William H. Harloff, in which the plaintiff was a passenger. On notice to the plaintiff the defendant Western New York Motor Lines, Inc., made a motion to bring in William H. Harloff as a joint defendant, claiming that he, and not the defendant named, was liable, or at least, jointly liable. The plaintiff making no objection, the application was granted, and Harloff was made a defendant and served with a supplemental summons and pleading. He thereupon moved to vacate the order bringing him in, which motion was granted. Upon appeal to the Appellate Division the order was reversed.

In view of our decisions regarding the effect of section 211-a of the Civil Practice Act, as above stated, the order of the Appellate Division should be reversed, and that of the Special Term affirmed, with costs in this court and in the Appellate Division and the question certified answered in the negative.

CARDOZO, Ch. J., POUND, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Ordered accordingly.