## BROWN v. CRANSTON (THOMPSON et al., Third-Party Defendants).
## THOMPSON v. SAME.
### Nos. 846, 847.

Circuit Court of Appeals, Second Circuit.

Dec. 3, 1942.

Lombardo & Pickard, of Jamestown, N. Y. (Clarence G. Pickard, of Jamestown, N. Y., of counsel), for Hazel E. Cranston, third-party plaintiff-appellant:

Harold J. Adams, of Buffalo, N. Y. (Percy R. Smith, of Buffalo, N. Y., of counsel), for Ransford C. Thompson and Frank B. Thompson, third-party defendants-appellees.

Before SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The plaintiffs in each of the foregoing actions are citizens of Pennsylvania and Hazel E. Cranston, the original defendant and third-party plaintiff in each action is a citizen of New York. Ransford C. Thompson and Frank B. Thompson, the third-party defendants, are citizens of Pennsylvania.

The complaint in the first action alleged that the defendant, Hazel E. Cranston, negligently drove a motor vehicle against the motor in which the plaintiff, Martha A. Brown was riding, whereby the latter received personal injuries. The complaint in the second action was by the executors of one Sarah A. Thompson. It alleged that the defendant, Hazel E. Cranston, negligently drove a motor vehicle against the motor in which Sarah A. Thompson was riding, who, as a result, sustained injuries from which she died. The defendant, Cranston, obtained orders bringing in Ransford C. Thompson, who owned the car in which Martha A. Brown and Sarah A. Thompson were riding, and against Frank Thompson who was driving it, so that she might recover from them any sums adjudged against her. In the third-party complaints of Cranston against Ransford C. and Frank Thompson, filed pursuant to these orders, it was charged that the injuries suffered by Martha A. Brown and Sarah A. Thompson "were occasioned * * * or contributed to" by the negligence of Ransford C. and Frank B. Thompson.

The orders were made under Rule 14 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which provides as follows:

"(a) When Defendant May Bring in Third Party. Before the service of his answer a defendant may move ex parte or, after the service of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable to him or to the plaintiff for all or part of the plaintiff's claim against him. If the motion is granted and the summons and complaint are served, the person so served, hereinafter called the third-party defendant, shall make his defenses as provided in Rule 12 and his counterclaims and cross-claims against the plaintiff, the third-party plaintiff, or any other party as provided in Rule 13. The third-party defendant may assert any defenses which the third-party plaintiff has to the plaintiff's claim. The third-party defendant is bound by the adjudication of the third-party plaintiff's liability to the plaintiff, as well as of his own to the plaintiff or to the third-party plaintiff. The plaintiff may amend his pleadings to assert against the third-party defendant any claim which the plaintiff might have asserted against the third-party defendant had he been joined originally as a defendant. * * *"

Rule 82 of the Federal Rules provides that: "These rules shall not be construed to extend or limit the jurisdiction of the district courts of the United States or the venue of actions therein."

Judge Knight in the court below granted motions to set aside the orders bringing in the third-party defendants on the ground that the defendant Cranston had no right of contribution against the third-party defendants under the law of the State of New York in which the accident occurred. He also dismissed the third-party complaints. We think his decision should be affirmed.

Professor Moore in a thorough and illuminating discussion of Rule 14 in his Treatise on the Federal Rules of Civil Procedure refers to §§ 193(2) and 211-a of the New York Civil Practice Act which we have subjoined,[1] and says that under the

---

[1] § 193

"2. Where any party to an action shows that some third person, not then a party to the action, is or will be liable to such party wholly or in part for the claim made against such party in the action, the court, on application of such party, may order such person to be brought in as a party to the action and direct that a supplemental summons and a pleading alleging the claim of such party against such person be served upon such person and that such person plead thereto, so that the claim of such moving party against such person may be determined in such action, which shall thereupon proceed against such person as a defendant therein to such judgment as may be proper."

§ 211-a. Action by one joint tort-feasor against another.

"Where a money judgment has been recovered jointly against two or more defendants in an action for a personal in-

New York law "a person not made a party to the action, although he was a joint tort-feasor with the defendant, does not fall within the 'is or will be liable' clause of § 193(2), which authorizes impleader, since, under § 211-a there is no claim for contribution until a joint money judgment has been recovered against two or more defendants, and, if secured, until more than the claimant's share has been paid. As a consequence there has been much agitation for legislative action which will place contribution on a more rational basis. But until the right of contribution is changed, federal courts sitting in New York should follow the New York law as outlined above. As a consequence if X and Y, in pari delicto, negligently injure A, and A sues only X, X has no substantive right against Y for the federal court to enforce, and hence the procedure outlined in Federal Rule 14 is not applicable. * * * "[2]

In reaching the foregoing conclusion as to the New York law, Professor Moore was governed by the decision of the New York Court of Appeals in Fox v. Western New York Motor Lines, Inc., 257 N.Y. 305, 178 N.E. 289, 78 A.L.R. 578. There Fox had commenced an action against Western Motor Lines, Inc., for negligence in running a motor bus into a motor truck owned and operated by one Harloff in which Fox was a passenger. Western New York Motor Lines, Inc., moved to bring in Harloff as a joint defendant claiming that the latter, and not the defendant named, was solely or at least jointly liable. The motion was granted and Harloff was made a defendant and served with a supplemental summons and pleading. The order bringing in Harloff was vacated at Special Term. The Appellate Division of the Fourth Department, however, held that the order bringing in Harloff was justified under the provisions of § 193(2) taken in connection with § 211-a of the New York Civil Practice Act. Sears, P.J., expressed the view that: "When a joint tort occurs, a right of contribution among the joint tort-feasors arises forthwith under the provisions of section 211-a, Civil Practice Act, * * * despite its procedural language, but the right * * * is inchoate. It is none the less real and subsisting."

Fox v. Western New York Motor Lines, Inc., 232 App.Div. 308, 312, 249 N.Y.S. 623, 628. Justice Crouch had reached a similar conclusion in Haines v. Bero Engineering Construction Corp., 230 App.Div. 332, 243 N.Y.S. 657. But, in spite of the weight of the opinions and the persuasive reasoning of these distinguished judges, the Court of Appeals adopted a very literal construction of §§ 193(2) and 211-a and, as a consequence, vacated the order bringing in Harloff. Fox v. Western New York Motor Lines, Inc., 257 N.Y. 305, 178 N.E. 289, 78 A.L.R. 578. Referring to § 211-a, it said (257 N.Y. at page 308, 178 N.E. at page 289) that "the conditions stated in this section must exist before the right to contribution is given" and that the only change in the common law rule precluding contribution between joint tort-feasors was the statutory requirement that each pay his share in the event that a judgment is recovered against both. Section 193(2) was held inapplicable to the case for the reason that the third-party defendant there would not be liable for contribution either at common law or under § 211-a since he was subject to no joint judgment. While Sears and Crouch, JJ., had regarded § 211-a as creating a substantive, though inchoate, right of contribution upon which § 193(2) might operate, their views were discarded by the Court of Appeals because no substantive right was shown to exist upon which § 193(2) could rest. We think it reasonably clear that the decision in Fox v. Western New York Motor Lines, Inc., 257 N.Y. 305, 178 N.E. 289, 78 A.L.R. 578, set forth the substantive law of New York rather than a mere procedural rule.

■ While Rule 14, unlike § 193(2) of the New York Civil Practice Act, gives the defendant a right to bring in a third person "who is or may be liable * * * to the plaintiff," in view of the decisions of the Supreme Court in Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, and Klaxon Co. v. Stentor Electric Co., 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477, we do not feel justified in so construing this rule as to give the defendant a recovery which could not be obtained through any remedy

jury or for property damage, and such judgment has been paid in part or in full by one or more of such defendants, each defendant who has paid more than his own pro rata share shall be entitled to contribution from the other defendants

with respect to the excess so paid over and above the pro rata share of the defendant or defendants making such payment, * * *."

[2] 1 Moore, Federal Practice (1938) 774-75.

634

available in the New York State Courts. To do so would attach a greater significance to the choice of the forum than those authorities would seem to sanction. Inasmuch as the original defendant in the case at bar could obtain no contribution in New York, if we held that Rule 14 governed, "the accident of diversity of citizenship would * * * disturb equal administration of justice in coordinate state and federal courts sitting side by side." Klaxon v. Stentor Electric Co., 313 U.S. 487, at page 496, 61 S.Ct. 1020, at page 1021, 85 L.Ed. 1477. Such a disposition would be contrary to the whole theory of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

In spite of the great convenience and advantage of applying Rule 14 in the present case we feel impelled to hold that we are precluded from doing this by the interpretation of the New York statutes by its highest court.

Judgments and orders affirmed.