CARBOLA CHEMICAL CO., Inc., v. TRUNDLE et al.

TRUNDLE ENGINEERING CO. v. WELLMAN ENGINEERING CO.

District Court, S. D. New York.

Feb. 15, 1943.

Edward J. Welch, of New York City, for plaintiff.

Jackson, Nash, Brophy, Barringer & Brooks, of New York City, for defendant Trundle Engineering Co.

Root, Clark, Buckner & Ballantine, of New York City (Ruppert Warren, of New York City, of counsel), for Wellman Engineering Co.

LEIBELL, District Judge.

On December 26, 1942, I filed an opinion granting a motion of the corporate defendant, the Trundle Engineering Co., for leave to bring in the Wellman Engineering Co. as a third-party defendant, under Rule 14(a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, 3 F.R.D. 500. An order to that effect was entered December 30, 1942. Thereafter a third-party summons and complaint were served upon the Wellman Engineering Co. which now moves to vacate the order of December 30, 1942, or in the alternative for an order dismissing the third-party complaint for failure to state a claim upon which relief can be granted.

Practically all the points raised on this present motion to vacate the order of December 30, 1942, were considered in my opinion of December 26, 1942. But counsel for the moving party urges that my holding was in conflict with a recent decision (December 3, 1942) of the Circuit Court of Appeals for this Second Circuit in the case of Brown v. Cranston, 132 F.2d 631, 633, 148 A.L.R. 1178. That case held that one of two joint tort-feasors in an automobile collision case could not, when sued for damages in a Federal Court in this State, bring in as a third-party defendant under Rule 14(a), Federal Rules of Civil Procedure, the other joint tort-feasor "since, under § 211-a (of the New York Civil Practice Act) there is no claim for contribution until a joint money judgment has been recovered against two or more defendants, and, if secured, until more than the claimant's share has been paid". The appellate court quoted the above from Professor Moore's discussion of Rule 14 in his Treatise on the Federal Rules of Civil Procedure and cited also Fox v. Western New York Motor Lines, Inc., 257 N.Y. 305, 178 N.E. 289, 78 A.L.R. 578, as holding that "the only change in the common law rule precluding contribution between joint tort-feasors was the statutory requirement that each pay his share in the event that a judgment is recovered against both". This Circuit also held that the decision in the Fox v. Western New York Motor Lines case "set forth the substantive law of New York rather than a mere procedural rule" and therefore, despite the broader scope of Rule 14, Federal Rules of Civil Procedure, when compared with § 193(2) of the New York Civil Practice Act, in that the Federal rule gives the defendant a right to bring in a third person who is or may be liable to the plaintiff, the Federal Courts in this State, following Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S. Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, and Klaxon Co. v. Stentor Co., 313 U.S.

487, 61 S.Ct. 1020, 85 L.Ed. 1477, should not so construe Rule 14, Federal Rules of Civil Procedure, "as to give the defendant a recovery which could not be obtained through any remedy available in the New York State Courts". A reading of the Circuit Court of Appeals opinion in the Brown v. Cranston case discloses how reluctantly the Court reached that conclusion. But the basis of the appellate court's decision was the holding that the defendant Cranston and the third-party defendants, the Thompsons, were joint tort-feasors.

In the case at bar "the defendant, The Trundle Engineering Company, demands judgment against the third-party defendant, The Wellman Engineering Co., for all sums that may be adjudged against the defendant, The Trundle Engineering Company, in favor of the plaintiff herein." Plaintiff's complaint, allegedly in tort, is for negligence of defendant in the spoken word, in recommending to plaintiff the purchase of talc grinding mill machinery manufactured by the third-party defendant. Defendant's complaint as a third-party plaintiff against the Wellman Co., as a third-party defendant, does not seek contribution from the third-party defendant as a joint tort-feasor. Not contribution but full compensation is what the defendant seeks from the third-party defendant. Further, the two complaints do not disclose any joint tort. The defendant and the third-party defendant were both under separate contract to the plaintiff, Trundle rendering engineering services, and Wellman furnishing and installing mill machinery. Assuming that torts are alleged in each complaint, they are distinctly separate torts growing out of the performance of two separate contracts. I am therefore of the opinion that the case of Brown v. Cranston, supra, is not controlling.

But a more serious objection is raised by the third-party defendant in its attack on the legal sufficiency of the third-party complaint. While it may be argued that the third-party complaint contains allegations on which the plaintiff, if it adopted them, could recover from the third-party defendant, there appears to be absent any allegation on which it can be said that the third-party defendant failed in the performance of any duty it owed the third-party plaintiff (the defendant) or that the third-party defendant invaded any right of the third-party plaintiff to that party's damage. The allegations of the third-party complaint in its present form would not support a judgment over against the third-party defendant in the event that plaintiff recovered a judgment against the defendant. The third-party complaint might support a judgment in favor of the plaintiff against the third-party defendant if the plaintiff were willing to amend its pleading to assert against the third-party defendant the claim alleged in the third-party complaint. Malkin v. Arundel Corporation, D.C., 36 F.Supp. 948, 951. But there appears to be no likelihood that plaintiff will do any such thing. Unless the third-party complaint is amended to plead a valid claim over against the third-party defendant, the defendant will have to rely upon the facts alleged, as a defense (already pleaded) in defendant's answer to the complaint herein. It may be that the defect in the third-party complaint can be supplied by proper allegations, if permission to amend is granted.

I therefore make the following disposition of the present motion: The order of December 30, 1942, granting the defendant permission to bring in the Wellman Co. as a third-party defendant and to serve on said company a third-party summons and complaint will not be vacated. The third-party defendant's application for alternative relief will be granted and the third-party complaint will be dismissed on the ground that it fails to state a claim on which the relief sought can be granted, with leave, however, to the defendant to serve an amended third-party complaint within ten days after the entry and service of an order in accordance with this opinion.

Settle order on two days' notice.