**Petition of CHESTER A. POLING, Inc.**

**THE POLING BROS. NO. 6.**

**No. 16381.**

District Court, E. D. New York.

April 26, 1943.

See, also, 2 F.R.D. 336.

Duncan & Mount, of New York City, for Cities Service Oil Co., for the motion.

Alexander, Ash & Jones, of New York City, for petitioner.

INCH, District Judge.

This is a motion in admiralty to permit the Cities Service Oil Company, hereinafter called Cities Service, to file a contingent claim either nunc pro tunc or otherwise in a limitation proceeding.

The limitation proceeding was occasioned by a fire involving a vessel owned by the petitioner and the dock of the Cities Service.

The usual restraining order was entered in the proceeding on October 17, 1941, and thereby the time to file claims expired December 10, 1941. Hence this application of Cities Service to now file a contingent claim is made over a year and one-half after the time to file claims has expired.

Mere time may not be a bar, but the Cities Service did file a claim in time, which claim, while of an entirely different character from the present alleged contingent claim, shows that the Cities Service was well aware of the time in which to file claims. The present contingent claim cannot be considered an amended claim of the claim already filed. The claim already filed is to recover alleged damages to its dock etc., for which allegedly the petitioner is said to be liable. The proposed contingent claim is different and arises as follows:

Several persons were fatally injured in the fire and claims for such injuries were duly filed in the proceeding. Naley, then an employee of petitioner, was also injured but did not file a claim. The liability, if any, of the petitioner to the Cities Service is confined to damage to its dock. It

376

is as yet undetermined but undoubtedly will be disposed of shortly. All of the personal injury claims were duly investigated and adjusted, in which adjustment Cities Service actively participated, and in the satisfaction of which a considerable sum of money was paid the claimants, a large portion of which money was contributed by the Cities Service.

During these adjustments the Cities Service was well aware that this employee, Naley, had filed no claim although it knew that he had been injured in the fire. The suggestion was made by it that a release be obtained from him but none was secured. All of this occurred within the ample time provided for the Cities Service to file any contingent claim.

No valid excuse therefore is presented for this omission and the long delay in making the present motion, for there was no lack of knowledge of Naley's possible claim and the presence of his possible cause of action. Naley's cause of action arose immediately upon his injury and the contingent claim, now asserted by the Cities Service, was a possibility at the same time.

Naley has now sued the Cities Service alone, in a common law action, in the state court, based on alleged negligence of the Cities Service. The latter now seeks to file a claim in the proceeding for alleged possible contingent liability of petitioner to it should Naley recover a judgment against it. The petitioner objects to such a belated attempt to file this contingent claim and I believe rightly so.

█ In my opinion the undoubted discretion to allow the filing of a claim after the prescribed period would result in an abuse of such discretion by the court should it be allowed on the above fact. Naley's cause of action, if any, arose when he was injured a fact then well known to Cities Service. When, if ever, he might sue the Cities Service to enforce such alleged liability depended on Naley, a fact also known to Cities Service.

The Cities Service therefore had ample time to protect itself against any such contingent claim if it had desired to do so but instead it preferred to only file its own claim in relation to its own property. Now after almost two years, because Naley has sued Cities Service alone, it seeks to file this alleged contingent claim which may not only unduly delay the closing of the admiralty proceeding because of the trial of the Naley suit and possible appeals, but results in possible prejudice to the petitioner in thus injecting, independently of Naley, an issue of liability for negligence as to which Naley has filed no claim. Moreover the contingent claim itself is of a nature for which the petitioner will not be liable.

██ Naley's action against the Cities Service is one at common law for negligence. It is not a suit in admiralty. It is simply a common law action in the state court. Naley, but for the limitation proceeding, could have brought his action against both the petitioner and the Cities Service. He has chosen not to file a claim in the proceeding but to sue the Cities Service alone. If he had sued both, his recovery would have been based on joint negligence and the liability of both the petitioner and the Cities Service would have been that of joint tort-feasors. Because Naley has sued only the Cities Service does not change this relationship between the petitioner and the Cities Service and if Naley does succeed in recovering a judgment against the Cities Service the only recovery of the latter against the petitioner would be based on the right of contribution between joint tort-feasors. Such right does not exist in this state between common law joint tort-feasors. Brown v. Cranston, 2 Cir., 132 F.2d 631.

Not only therefore is the petitioner not a party to this common law action of Naley, but, if it was, or became involved in such litigation, it would be in a common law action to recover on the ground of negligence.

For the above reasons, not only because of the gross delay and inexcusable neglect to file a contingent claim in time, aside from the prejudice caused to petitioner but also because, on the facts, the proposed contingent claim of Cities Service lacks validity, the motion to file is in all respects denied.

Settle order.