O'NEILL v. AMERICAN EXPORT LINES, Inc. (RO–ED ENGINEERING COMPANY, Third-party Defendant).

H. K. METAL CRAFT MFG. CO. v. AMERICAN CHAIN & CABLE CO., Inc.

District Court, S. D. New York.

Jan. 9, 1946.

---

Alexander & Ash, of New York City (Edward Ash and Sidney Schwartz, both of New York City, of counsel), for third-party defendant, American Chain & Cable Co. Inc.

Haight, Griffin, Deming & Gardner, of New York City (J. Ward O'Neill and James M. Estabrook, both of New York City, of counsel), for defendant and third-party plaintiff, American Export Lines, Inc.

Rothenberg & Rothenberg, of New York City, for third-party defendant, H. K. Metal Craft Mfg. Co.

MANDELBAUM, District Judge.

By an ex-parte order, American Chain & Cable Co., Inc., was impleaded as a third-party defendant and served with a third-party summons and complaint.

American Chain & Cable Co., Inc., hereafter called American Chain, seeks to vacate the ex-parte order and dismiss the summons and complaint on the ground that there is a misjoinder of parties and causes of action, and that Rule 14(a) of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, which covers third-party practice, does not apply to the situation here presented.

All the pleadings can be briefly summarized. The first is the plaintiff's complaint against the defendant, American Export Lines, Inc., under the Jones Act, 46 U.S.C.A. § 688, for personal injuries and for maintenance and cure, wherein it was alleged that the plaintiff was employed on defendant's vessel and was injured through the breaking of a ladder which was part of the ship's equipment. The second is the complaint of the defendant, American Export Lines, Inc., which impleaded Ro-Ed Engineering Company and H. K. Metal Craft Manufacturing Company, hereafter called Metal Craft, for breach of contract in furnishing a defective ladder. The complaint seeks complete indemnification from the impleaded defendants if plaintiff recovers judgment against it. The third is the complaint of Metal Craft which impleads American Chain, the moving party herein, for breach of another contract, to furnish a proper chain, and here too, complete indemnity is sought from American Chain, if judgment should be rendered against Metal Craft. It is this last pleading which is attacked.

American Chain considers itself charged as a joint tort-feasor with Metal Craft and relies on New York law in asserting that there can be no joinder since there is no contribution between tort-feasors. That is a correct statement of the New York law. Brown v. Cranston et al., 2 Cir., 132 F.2d 631, 148 A.L.R. 1178. However, the court does not read the instant pleading that way. The facts here are quite different than those involved in the Brown case, supra. Here, no contribution is sought from American Chain as a tort-feasor but full compensation in the event Metal Craft is called upon to respond in damages. Carbola Chemical Co. Inc. v. Trundle, D.C., 3 F.R.D. 502; Burris v. American Chicle Co., 2 Cir., 120 F.2d 218; Bohn v. American Export Lines, D.C., 42 F.Supp. 228; Greenleaf v. Huntingdon, D. C., 3 F.R.D. 24.

I think this is a typical case for impleading various parties under Rule 14(a) of the Federal Rules of Civil Procedure so that a circuity of actions may be avoided and the rights of all parties determined in one proceeding. This is the primary object of the Rule.

The fact that the suit is originally under the Jones Act and that different defenses may be available to the various parties is no ground for objection to being impleaded. After all, it is the province of the trial court to conduct the trial so that no party is prejudiced by reason of the presence of another party to the action.

The motion to vacate the ex-parte order and to dismiss the third party summons and complaint is denied.