## PYZYNSKI v. NEW YORK CENT. R. CO. (EASTERN STATES CO-OP. MILLING CORPORATION, et al., Third-Party Defendants).

### Civil Action No. 2851.

District Court, W. D. New York.

Sept. 30, 1946.

Desmond & Drury, of Buffalo, N. Y., for plaintiff.

Rann, Brown, Sturtevant & Kelly, of Buffalo, N. Y., for New York Cent. R. Co.

Adams, Smith, Brown & Starrett, of Buffalo, N. Y., for Eastern States Co-op. Milling Co.

Frank C. Roberts, of Buffalo, N. Y., for Cuyahoga Wrecking Co.

Mortimer Allen Sullivan, of Buffalo, N. Y., for Frank Piekarski.

KNIGHT, District Judge.

Plaintiff Pyzynski originally sued N. Y. Central Railroad Co. and Eastern States Cooperative Milling Corp. for $20,000 damages for personal injuries alleged to have occurred on January 30, 1946, when he, an employee of the railroad company, engaged in switching cars used in interstate commerce, came in contact with a pipe or other obstruction at or near the railroad track in the vicinity of certain premises owned and operated by the defendant Milling Corporation. He alleges three causes of action: (1) Negligence of the railroad company under U. S. Federal Employers' Liability Act, 45 U.S.C.A. § 51; (2) negligence of the Milling Corporation; (3) nuisance maintained by latter. He further alleges that he is a resident of Buffalo, Western District of New York; that the railroad company is a domestic corporation having a business office in Buffalo; that the Milling Corporation is a Massachusetts Corporation with a business office in Buffalo.

It having been stipulated that the Milling Corporation is a domestic corporation, an order of this court was granted on April 26, 1946, dismissing plaintiff's second and third causes of action, without prejudice to the pending action or to the commencement of a new action against the Milling Corporation.

The railroad company thereupon procured an order of this court, granted on May 10, 1946, permitting it to serve a third-party summons and complaint against the aforesaid Milling Corporation. This was done under Federal Rules of Civil Procedure, rule 14, 28 U.S.C.A. following section 723c.

The Milling Corporation then procured an order of this court, granted on June 7, 1946, permitting it to serve a third-party summons and complaint against the two third party defendants Cuyahoga Wrecking Company and Frank Piekarski.

The Cuyahoga Wrecking Company now moves to dismiss the Milling Corporation's complaint against it on the grounds (1) that the "complaint fails to state a claim against (it) upon which relief can be granted"; (2) that the court lacks jurisdiction because the Milling Corporation and it are New York corporations.

The Milling Corporation in its third-party complaint against Cuyahoga Wrecking Company and Frank Piekarski alleges that the former is a domestic corporation and the latter a resident of Buffalo, N. Y.; that in December, 1945, the Milling Corporation and the Wrecking Company entered into an agreement whereby the latter agreed to demolish and remove certain buildings, etc., on the premises of the former in Town of Tonawanda, N. Y.; that the Wrecking Company engaged the third-party defendant Piekarski to assist it; that the Wrecking Company and Piekarski unearthed a pipe and left it extending upwards near the switching track of the Milling Corporation; that the Wrecking Company and Piekarski were negligent in so doing and the alleged accident was caused solely by their negligence; that they "are primarily at fault" and the Milling Corporation "is not, and was not in pari delicto" with them; that they are liable to the Milling Corporation for any claim of the railroad company, if any such exists, and, if a judgment is had by the railroad company against the Milling Corporation, the Wrecking Company and Piekarski are liable to it and it is entitled to recover from them. The Milling Corporation therefore demands judgment dismissing, with costs; the complaint of the railroad company and further demands that the ultimate rights of the Milling Corporation and the two third party-defendants aforesaid, as between themselves, be determined in this action and that the Milling Corporation have judgment over and against them for the same amount which may be recovered herein by the railroad company against it together with reasonable costs and expenses.

The Wrecking Company urges that the third-party complaint of the Milling Corporation against it discloses that both are joint tort-feasors; that the latter was negligent "in that it failed in its non-delegable duty to keep the premises free of dangerous conditions and traps"; that, Under New York Law, a joint tort-feasor not made a party defendant in an action for personal injuries may not be brought in as a party on application of original defendant and cites Brown v. Cranston, 2 Cir., 132 F.2d 631, 148 A.L.R. 1178. That case did not involve diversity of citizenship (for there was diversity) but did involve an interpretation of sections 193, subd. 2 and 211-a of the N. Y. Civil Practice Act. The court, after citing New York decisions, said: "While Rule 14, unlike § 193(2) of the New York Civil Practice Act, gives the defendant a right to bring in a third person 'who is or may be liable * * * to the plaintiff,' in view of the decisions of the Supreme Court in Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, and Klaxon Co. v. Stentor Electric Co., 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477, we do not feel justified in so construing this rule as to give the defendant a recovery which could not be obtained through any remedy available in the New York State Courts." 132 F.2d at pages 633, 634, 148 A.L.R. 1178.

The third-party complaint of the railroad company against the Milling Corporation alleges that, on or about June 10, 1944, both entered into a written "private sidetrack agreement" whereby the latter agreed to indemnify and hold harmless the railroad company "from any and all loss, damage, claims or suits or judgments arising out of personal injury to any person or persons as a result of the negligence of the" Milling Corporation; that the injuries claimed by plaintiff took place on a portion of the Milling Corporation's premises covered by the agreement and were solely caused by the latter's negligence. Judgment is demanded against it for all sums that may be adjudged against the railroad company in favor of plaintiff.

The railroad company is not suing the Milling Corporation for the latter's negligence. It merely sets up an indemnity agreement and demands judgment over against the Milling Corporation for the amount of any judgment against itself and in favor of the plaintiff.

Plaintiff can recover no judgment against the Milling Corporation because it is no longer a party to his action. It is not sued in tort by the railroad company. It is sued on an indemnity agreement but, in order to make this agreement effective, the rail-

road company must establish the Milling Corporation's negligence. The latter, however, is not sued in tort but only on the agreement. In this respect the instant case differs from the Brown case and from Fox v. Western New York Motor Lines, Inc., 257 N.Y. 305, 178 N.E. 289, 78 A.L.R. 578, on which the Brown case rests.

 While there is no written contract of indemnity between the Milling Corporation and the Wrecking Company, the latter, when its sole primary negligence is established, becomes a common law indemnitor of the former. Dunn v. Uvalde Asphalt Paving Co., 175 N.Y. 214, 217, 67 N.E. 439; vide opinion of this court in Tevington v. International Milling Co., 71 F.Supp. 621.

Rule 14(a) without any limitation as to diversity of citizenship provides:

"Before the service of his answer a defendant may move ex parte or, after the service of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable to him or to the plaintiff for all or part of the plaintiff's claim against him. * * * A third-party defendant may proceed under this rule against any person not a party to the action who is or may be liable to him or to the third-party plaintiff for all or part of the claim made in the action against the third-party defendant."

The fact that there is no diversity of citizenship between the Milling Corporation and the Wrecking Company does not bar the application of Rule 14(a). Sklar v. Hayes, D.C., 1 F.R.D. 415, 416; Furthermore, by permitting the Wrecking Company to remain in the case a circuity of actions will be avoided and the right of all parties determined in one proceeding. Greenleaf v. Huntington & B. T. M. R. & Coal Co., D.C. 3 F.R.D. 24; O'Neill v. American Export Lines, D.C., 5 F.R.D. 182.

The motion of Cuyahoga Wrecking Company, a third-party defendant, to dismiss the third-party complaint is denied.