## BUCKNER v. FOSTER et al. (McLOUTH STEEL CORP. et al., Third-Party Defendants).

### Civ. A. No. 8527.

United States District Court
E. D. Michigan, S. D.
March 21, 1952.

James A. Markle and Frederick G. Palliaer, Detroit, Mich., for plaintiff.

William J. Eggenberger, Detroit, Mich., for defendants and third-party plaintiffs.

Cary & BeGole, Detroit, Mich., by George H. Cary, Detroit, Mich., for third-party defendants.

THORNTON, District Judge.

The plaintiff herein is a citizen of the state of Michigan, and the defendants are citizens of the state of Indiana. Defendants' motion to bring in the McLouth Steel Corporation, a Michigan corporation, and Thomas Fensom, a citizen of the state of Michigan, as third-party defendants was

granted, and an order was so entered. These third-party defendants have moved to dismiss the third-party complaint.

In its third-party complaint the defendants and third-party plaintiffs made certain allegations respecting liability of the third-party defendants to the plaintiff. With these we need not be concerned, since the 1948 Amendment to Rule 14, F.R.C.P., 28 U.S.C.A. now makes the basis of third-party practice to be an actual or possible liability to the defendants and eliminates the former basis of liability to the plaintiff.

The defendants and third-party plaintiffs contend that the third-party complaint is proper, claiming that these third-party defendants will be liable to the defendants for at least part of plaintiff's claim against defendants in the event of judgment against the defendants. In making this contention the defendants rely on the Contribution Among Tort-Feasors Act of the state of Michigan, effective January 10, 1942, being M.S.A. § 27.1683(1), Comp.Laws 1948, § 691.561, which reads as follows:

"Payment of Joint Tort Judgment by One or More Defendants; Contribution as to Excess Over Pro Rata Share, Limit. Sec. 1. Whenever a money judgment has been recovered jointly against 2 or more defendants in an action for bodily injury or death resulting therefrom, or property damage, and such judgment has been paid in part or in full by 1 or more of such defendants, each defendant who has paid more than his own pro rata share shall be entitled to contribution with respect to the excess so paid over and above the pro rata share of the defendant or defendants making such payment: *Provided, however,* That no defendant shall be compelled to pay to any other such defendant an amount greater than his pro rata share of the entire judgment."

The facts in this case are briefly stated as follows:

Plaintiff Buckner was employed as a painter by Fensom, a sub-contractor, engaged by McLouth Steel to perform certain work at its newly constructed plant. The defendants, James M. Foster and John H. Johnson, co-partners d/b/a J. M. Foster and Company, were employed by the Mesta Machine Company, a sub-contractor, engaged also by McLouth Steel to do certain construction work at the same plant. During the course of operations, the crane operated by the Foster Company became involved with the supports for the scaffolding on which the plaintiff was working, and the plaintiff fell some 75 feet and suffered the injuries complained of herein.

At the oral argument on the motions herein, it was conceded by counsel for the respective parties that there were no decisions by the courts of the state of Michigan interpreting the application of the contribution act, M.S.A. 27.1683(1), to third-party practice, and research by this Court fails to disclose any such decisions and, in view of this fact, it is necessary that we look to other adjudications for assistance in making a determination in this matter:

"Our problem becomes more difficult by reason of the fact that there is no controlling reported decision from the State Court of Michigan, but under such circumstances, it is our duty to solve the question by resort to any persuasive data that is available, such as justifiable inferences or fair implications from other related adjudications * * *." Cold Metal Process Co. v. McLouth Steel Corporation, 6 Cir., 126 F.2d 185, 188.

The case of Brown v. Cranston, 2 Cir., 132 F.2d 631, 148 A.L.R. 1178, contains both fact and law situations comparable to those here presented. The court there held that the New York statute pertaining to contribution, very similar to the Michigan one, gave no such right of contribution as to make the provisions of Rule 14 applicable, the issue there, as here, depending upon the construction of the statute of the state. In the Cranston case, the court had some guidance as to such construction because of the existence of pronouncements by the state courts as to interpretation, whereas, here, we are without the benefit of any state court decision construing this statute.

At the outset we point out that in the state of Michigan there is no common

law right to contribution among joint tort-feasors, Township of Hart v. Noret, 191 Mich. 427, 158 N.W. 17, L.R.A.1916F, 83, Detroit Grand Haven & Milwaukee Railway Co. v. Boomer, 194 Mich. 52, 160 N.W. 542, Village of Portland v. Citizens Telephone Co., 206 Mich. 632, 173 N.W. 382. The statute in question, then, being in derogation of the common law, must be strictly construed. Yount v. National Bank of Jackson, 327 Mich. 342, 347, 42 N.W.2d 110, 17 A.L.R.2d 685; Wieczorek v. Merskin, 308 Mich. 145, 148, 13 N.W.2d 239; Kruutari v. Hageny, D.C., 75 F.Supp. 610, 615.

The defendants and third-party plaintiffs in the within matter take the position that the money judgment referred to in the Michigan statute is there merely as a procedural step, and that the basic right to contribution is the thing the legislature had in mind—that the common law denial of contribution is completely overcome by this statute. Were we to so interpret this statute, it seems to us that we would be giving it a very liberal construction, and this we are not permitted to do under the law of the state of Michigan. Neither may Rule 14 be construed to extend or limit the jurisdiction of the district courts of the United States. Rule 82 F.R.C.P. Section (2) of M.S.A. 27.1683, which provides for the release of one or more joint tort-feasors, and that such a release is not a bar to an action for the balance of the claim against another joint tort-feasor, lends some support to the view that the legislative intent was to abrogate the common law only to the extent expressly stated in the statute, which clearly states that the statute becomes operative *"Whenever a money judgment has been recovered* jointly against 2 or more defendants". (Emphasis supplied.) From this it would appear that the Michigan legislature intended to preserve to the plaintiff alone, the right to determine whom he would look to for satisfaction of his claim. Once a plaintiff prosecutes suit against joint tort-feasors to judgment, then, and only then, does the statute give to such joint tort-feasor a right of contribution.

The reasoning in Brown v. Cranston, supra, appears to be sound, and this Court,

in the absence of any controlling reported decisions from the State Court of Michigan, adopts the ruling in Brown v. Cranston. It is felt that, because of the similarity of the contribution statute of the state of New York to the Michigan statute, the Supreme Court of Michigan would reach the same conclusions in construing M.S.A. § 27.1683(1) as the appellate court of the state of New York and as the Court of Appeals for the Second Circuit reached regarding the New York statute. In opposition to the motions to dismiss, the defendants and third-party plaintiffs have not presented any authority indicating that the Michigan Supreme Court would take a contrary view.

The motions to dismiss the third-party complaint are granted, and the third-party complaint is herewith vacated, and orders may be so entered.