**LO CICERO v. CONTINENTAL BAKING CO.**

No. C—11756.

United States District Court
E. D. New York.

Nov. 6, 1952.

Natale & Natale, Brooklyn, N. Y. (Martin G. Stein, Brooklyn, N. Y., of counsel), for plaintiffs.

Thomas F. Keane, Brooklyn, N. Y., for defendant.

BYERS, District Judge.

Defendant moves under Rule 14, Fed. Rules Civ.Proc., 28 U.S.C.A. for an order permitting it to add as third-party defendants Middleton Table and Novelty Co. and Pal Trucking Co., both residents of New York.

The action was commenced in the Supreme Court, Kings County, but it was later removed to this Court, on motion of defendant, because of diversity of citizenship, plaintiffs being residents of New York and defendant a Delaware corporation.

The action is one for personal injuries allegedly sustained by plaintiff, Anthony Lo Cicero, as a result of his having been struck by defendant's automobile.

In support of its motion, defendant alleges that at the time and place of the accident there were two other automobiles, owned by the persons sought to be impleaded, improperly parked so as to contribute to the happening of the accident, and it urges, therefore, that if it be held accountable to plaintiffs it will be entitled to *contribution* from the owners of those automobiles.

It has been held that Rule 14 does not permit a defendant to bring in an alleged joint tort-feasor in an action in a federal court sitting in the State of New York, since the New York statutory right of contribution between joint tort-feasors does not arise until recovery of judgment against one of them [1] and that this is a rule of substantive rather than procedural law, Brown v. Cranston, 2 Cir., 132 F.2d 631, 148 A.L.R. 1178, certiorari denied 319 U.S. 741, 63 S.Ct. 1028, 87 L.Ed. 1698. In the Brown case, supra, Judge A. N. Hand said, 132 F.2d at page 634:

"In spite of the great convenience and advantage of applying Rule 14 in the present case we feel impelled to hold that we are precluded from doing this by the interpretation of the New York statutes by its highest court," (referring to Fox v. Western New York Motor Lines, Inc., 257 N.Y. 305, 178 N.E. 289, 78 A.L.R. 578).

The motion is denied. Settle order on notice.

1. New York Civil Practice Act, § 211-a.