Roberta COOPER, Administratrix of the Estate of James Cooper, Plaintiff,

v.

CHICAGO BRIDGE & IRON COMPANY, a foreign corporation, Defendant and Third-Party Plaintiff,

v.

GREAT LAKES STEEL CORPORATION, a Delaware corporation, The H. K. Ferguson Company, an Ohio corporation, and The Babcock & Wilcox Company, a New Jersey corporation, Third-Party Defendants.

Civ. A. No. 23702.

United States District Court
E. D. Michigan, S. D.

Dec. 10, 1963.

Alexander, Buchanan & Conklin, Richard A. Harvey, Detroit, Mich., for third-party defendant Great Lakes Steel Corp.

Ward, Plunkett, Cooney, Rutt & Peacock, W. P. Cooney, Detroit, Mich., for third-party defendant H. K. Ferguson Co.

Vandeveer, Haggerty, Doelle, Garzia, Tonkin & Kerr, Leroy G. Vandeveer, Detroit, Mich., for third-party defendant Babcock & Wilcox Co.

THORNTON, District Judge.

Pursuant to memorandum of this Court filed November 14, 1963 summary judgment was entered November 20, 1963 in favor of third-party defendant, The Babcock & Wilcox Company. We are therefore no longer concerned with The Babcock & Wilcox Company, the employer of plaintiff's decedent, as a party in this lawsuit and said party is not within the contemplation of the Court in its consideration of the motions being here treated.

Plaintiff's decedent was killed while working on the premises of Great Lakes Steel Corporation, a third-party defendant. The H. K. Ferguson Company, also a third-party defendant, was the prime contractor with Great Lakes Steel for work being done on the premises of Great Lakes Steel. The defendant and third-party plaintiff, Chicago Bridge & Iron Company, was a subcontractor with Ferguson. Plaintiff started suit by filing her complaint against Chicago Bridge & Iron who thereafter brought in the third-party defendants as parties against whom it should have judgment over, in the event plaintiff recovers judgment against it, Chicago Bridge & Iron. It is the position of plaintiff that said third-party defendants are improperly in this lawsuit. Great Lakes Steel also contends that it does not belong here as third-party defendant.

Sugar & Schwartz, Alvin B. Lynn, Detroit, Mich., for plaintiff.

Sweeny, Dodd, Kerr, Wattles & Russell, John S. Lowry, Detroit, Mich., for defendant Chicago Bridge & Iron Co.

The thrust of the arguments advanced in support of the contentions that the

third-party defendants are not properly here is that under Michigan law there is no right of contribution among joint tortfeasors. We will not here deal with any possible right to indemnification that defendant Chicago Bridge & Iron may have for the reason that the third-party complaint sets forth no fact(s) that could give rise to a legal liability on the part of the third-party defendants to indemnify the defendant Chicago Bridge & Iron, either by operation of law or by contractual obligation. On the contrary, the third-party complaint alleges active negligence on the part of third-party defendants. We must therefore assume for the purpose of the instant motions that third-party defendants are joint tortfeasors with defendant Chicago Bridge & Iron.

Third-party practice in Federal Court is governed by Rule 14, F.R.Civ.P. We are here concerned with only the first sentence of this rule which reads as follows:

"Before the service of his answer a defendant may move ex parte or, after the service of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who *is or may be liable* to him for all or part of the plaintiff's claim against him." (Emphasis supplied.)

On a prior occasion this Court, by this writer, has ruled on the interpretation to be placed on the above quoted language. In Buckner v. Foster, D.C., 105 F.Supp. 279, aff'd. on other grounds, 203 F.2d 527 (6 Cir., 1953) we found it necessary to interpret a statute of the State of Michigan in order to determine if a prospective third-party defendant "is or may be liable" to defendant and prospective third-party plaintiff. It is equally necessary now. Rule 14, F.R.Civ.P. has not changed. The factual situation in Buckner in relation to third-party de-

fendant McLouth Steel is analogous to that present here in relation to the two third-party defendants. In Buckner we were confronted with the Contribution Among Tort-Feasors Act of the State of Michigan, effective January 10, 1942, being M.S.A. § 27.1683(1), Comp.Laws 1948, § 691.561 which reads as follows:

"Payment of Joint Tort Judgment by One or More Defendants; Contribution as to Excess Over Pro Rata Share, Limit. Sec. 1. Whenever a money judgment has been recovered jointly against 2 or more defendants in an action for bodily injury or death resulting therefrom, or property damage, and such judgment has been paid in part or in full by 1 or more of such defendants, each defendant who has paid more than his own pro rata share shall be entitled to contribution with respect to the excess so paid over and above the pro rata share of the defendant or defendants making such payment: *Provided, however,* That no defendant shall be compelled to pay to any other such defendant an amount greater than his pro rata share of the entire judgment."

We there reasoned as follows:

"At the oral argument on the motions herein, it was conceded by counsel for the respective parties that there were no decisions by the courts of the state of Michigan interpreting the application of the contribution act, M.S.A. 27.1683(1), to third-party practice, and research by this Court fails to disclose any such decisions and, in view of this fact, it is necessary that we look to other adjudications for assistance in making a determination in this matter:

" 'Our problem becomes more difficult by reason of the fact that there is no controlling reported

decision from the State Court of Michigan, but under such circumstances, it is our duty to solve the question by resort to any persuasive data that is available, such as justifiable inferences or fair implications from other related adjudications * * *.' Cold Metal Process Co. v. McLouth Steel Corporation, 6 Cir., 126 F.2d 185, 188.

"The case of Brown v. Cranston, 2 Cir., 132 F.2d 631, 148 A.L.R. 1178, contains both fact and law situations comparable to those here presented. The court there held that the New York statute pertaining to contribution, very similar to the Michigan one, gave no such right of contribution as to make the provisions of Rule 14 applicable, the issue there, as here, depending upon the construction of the statute of the state. In the Cranston case, the court had some guidance as to such construction because of the existence of pronouncements by the state courts as to interpretation, whereas, here, we are without the benefit of any state court decision construing this statute.

"At the outset we point out that in the state of Michigan there is no common law right to contribution among joint tort-feasors. (Citations omitted.) The statute in question, then, being in derogation of the common law, must be strictly construed. (Citations omitted.)

"The defendants and third-party plaintiffs in the within matter take the position that the money judgment referred to in the Michigan statute is there merely as a procedural step, and that the basic right to contribution is the thing the legislature had in mind—that the common law denial of contribution is completely overcome by this statute. Were we to so interpret this statute, it seems to us that we would be giving it a very liberal construction, and this we are not permitted to do under the law of the state of Michigan. Neither may Rule 14 be construed to extend or limit the jurisdiction of the district courts of the United States. Rule 82, F.R.C.P. Section (2) of M.S.A. 27.1683, which provides for the release of one or more joint tort-feasors, and that such a release is not a bar to an action for the balance of the claim against another joint tort-feasor, lends some support to the view that the legislative intent was to abrogate the common law only to the extent expressly stated in the statute, which clearly states that the statute becomes operative *'Whenever a money judgment has been recovered* jointly against 2 or more defendants.' (Emphasis supplied.) From this it would appear that the Michigan legislature intended to preserve to the plaintiff alone, the right to determine whom he would look to for satisfaction of his claim. Once a plaintiff prosecutes suit against joint tort-feasors to judgment, then, and only then, does the statute give to such tort-feasor a right of contribution.

"The reasoning in Brown v. Cranston, supra, appears to be sound, and this Court, in the absence of any controlling reported decisions from the State Court of Michigan, adopts the ruling in Brown v. Cranston. It is felt that, because of the similarity of the contribution statute of the state of New York to the Michigan statute, the Supreme Court of Michigan would reach the same conclusions in construing M.S.A. § 27.1683(1) as the appellate court of the state of New York and as the Court of Appeals for the Second Circuit reached regarding the New York statute. In opposition to the motions to dismiss,

the defendants and third-party plaintiffs have not presented any authority indicating that the Michigan Supreme Court would take a contrary view.

"The motions to dismiss the third-party complaint are granted, and the third-party complaint is herewith vacated, and orders may be so entered."

We have taken the liberty of quoting verbatim from our own previous opinion because we deem that it furnishes the necessary background for the continuity of our reasoning here * * * such reasoning here to be extremely simple and concise.

 The obstacle which presents itself as a stumbling block to the reaching of a similar conclusion here is a single sentence * * * it is one which has now been incorporated into the Michigan statute by the Michigan Revised Judicature Act (effective January 1, 1963) [P.A.1961, No. 236]. The statute now reads as follows:

"M.S.A. 27A.2925 (1) Whenever a money judgment has been recovered jointly against 2 or more defendants in an action for bodily injury or death resulting therefrom, or property damage, and such judgment has been paid in part or in full by 1 or more of such defendants, each defendant who has paid more than his own pro rata share is entitled to contribution with respect to the excess so paid over and above the pro rata share of the defendant or defendants making such payment. *Joint tort-feasors who are summoned in as third party defendants pursuant to court rule may likewise be liable for contribution.* No person may be compelled to pay to any other defendant an amount greater than his pro rata share of the entire judgment." (Emphasis supplied.)

The Michigan court rule (Michigan General Court Rules of 1963, effective January 1, 1963) which we are informed was drafted contemporaneously with the Act reads as follows:

"Rule 204 Third-Party Practice.
.1 When Defendant May Bring in Third Party.

(1) Subject to the provisions of Section 3030 of the Insurance Code of 1956, before the service of his answer a defendant may move ex parte or, after the service of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may thereafter be liable to such third-party plaintiff, *by right of contribution or otherwise,* for all or part of the plaintiff's claim against him." (Emphasis supplied.)

We quote the above merely to indicate the tie-in with the statute, not to indicate that we think we are bound by such rule. We are not. It is clear that our language in Buckner * * * "[f]rom this it would appear that the Michigan legislature intended to preserve to the plaintiff alone, the right to determine whom he would look to for satisfaction of his claim" * * * is exactly contrary to what we must say today in the light of the new legislation. It appears that the legislature has seen fit to make a change in the statute as it previously existed and that its intention as now expressed by its most recent enactment must be given effect. Were we to interpret the present statute as we did its predecessor in Buckner, our interpretation would have the effect of rendering null and void the newly added provision in the statute. Let us ask ourselves one question: If the new provision may not be invoked by a defendant in the situation here presented, in what type of situation might it be appropriate? The question compels the answer as well as the determination of the present motions. Third-party defendants, Great Lakes Steel and Ferguson, are proper parties

within the purview of M.S.A. 27A.2925 and Rule 14, F.R.Civ.P.

One further comment is here deemed advisable. It has been suggested that in ruling as we do we are giving retroactive effect to the Michigan statute. First of all, let us state that we construe the amendment as being procedural in nature, not substantive. This construction, it seems to us, comports with the holding in Foster v. Buckner, 203 F.2d 527, 531 (6 Cir., 1953), where the issue under discussion was retroactivity of a statute giving an employee the right to workmen's compensation benefits and also to sue a non-employer party causing the injury. The Court there said: "This statute pertains to the remedy and hence applies to the present action." We think the same holding applicable here. See also Chovan v. DuPont, D.C., 217 F.Supp. 808, 811, in which Judge McCree of this court, in interpreting another section of RJA, said:

> "The court rule and statute herein considered, do not create or define a new cause of action, but merely set forth the procedure to be employed in obtaining redress for breach of pre-existing duties."

Last but not least is the legislature's own language concerning the construction of the act:

> "M.S.A. 27A.102.
>
> This act is remedial in character, and shall be liberally construed to effectuate the interests and purposes thereof."

If more on this subject need be said, let it be pointed out that the accident involved in this case occurred June 27, 1962, this lawsuit was commenced April 2, 1963, some three months after RJA became effective (January 1, 1963). We hold that retroactivity is not a bar to the applicability of the statute here.

Order(s) may be presented accordingly.