Gail B. SPECTOR, Administratrix of the
Estate of Ellis Charles Lindsay,
Plaintiff,

v.

WEST ELIZABETH LUMBER COMPA-
NY, Defendant and Third-Party
Plaintiff,

v.

WITHERUP ERECTION COMPANY,
Inc., James Lumber Company, Inc., and
Sharpsville Steel Fabricators, Inc.,
Third-Party Defendants.

John P. EDWARD, Plaintiff,

v.

WEST ELIZABETH LUMBER COMPA-
NY, and James Lumber Company, Inc.,
Defendant and Third-Party Plaintiffs,

v.

SHARPSVILLE STEEL FABRICA-
TORS, INC., Third-Party
Defendant.

Civ. A. Nos. 64–120, 65–189.

United States District Court
W. D. Pennsylvania.

June 25, 1965.

Krause & Baker, Pittsburgh, Pa.,
for Gail B. Spector, Adm'r.

Dickie, McCamey & Chilcote, Pittsburgh, Pa., for West Elizabeth Lumber Co.

Reed & Egler, Pittsburgh, Pa., for James Lumber Co.

Samuel R. Sciullo, Pittsburgh, Pa., for Witherup Erection Co.

Royston, Robb, Leonard, Edgecombe & Miller, Pittsburgh, Pa., for Sharpsville Steel Fabricators, Inc.

Martin E. Geary, Pittsburgh, Pa., for John P. Edwards.

GOURLEY, Chief Judge.

These civil diversity proceedings arose out of the collapse of a scaffolding on a construction project on or about February 26, 1963, in Cortlandville, New York, which it is alleged caused the injuries to and subsequent death of plaintiff's decedent in Civil Action No. 64-120, and injuries to the plaintiff in Civil Action No. 65-189.

The immediate matters before the Court are the Motions of third-party defendant Sharpsville Steel Fabricators, Inc., for Summary Judgment based on the legal thesis that New York law, the place of the accident, determines the rights and liabilities of the parties and, therefore, the third-party complaints must be dismissed because New York law does not permit a defendant to join an alleged joint tortfeasor as a third-party defendant for the purpose of recovering contribution or indemnification.

After a thorough review of the record in these proceedings, briefs and arguments of counsel, and the applicable law, it is the considered judgment of the Court that the Motions for Summary Judgment should be denied.

## I. FACTS

In Civil Action No. 64-120, plaintiff brought suit against West Elizabeth Lumber Company, a Pennsylvania Corporation, which allegedly supplied the lumber used to build the scaffolding on the bases of negligence and breach of warranties. Defendant West Elizabeth joined the following as third-party defendants:

1. Sharpsville Steel Fabricators, Inc., a Pennsylvania Corporation, and general contractor on the job in question.

2. Witherup Erection Company, Inc., a Pennsylvania Corporation, a subcontractor on the job in question and employer of the injured men.

3. James Lumber Company, Pennsylvania Corporation, that bought the lumber in question from defendant and sold it to Witherup.

The third-party defendants were joined on the theory that their negligence was the proximate cause of the accident.

In Civil Action No. 65-189, the plaintiff brought suit against West Elizabeth Lumber Company and James Lumber Company, Inc., on the same theories of negligence and breach of warranties. Defendants joined as third-party defendants Sharpsville Steel Fabricators, Inc., and the Witherup Erection Company, Inc., on the same theories of negligence used in Civil Action No. 64-120.

It is not in dispute that the decedent, Ellis Lindsay, was hired by Witherup in Pennsylvania, that all of Lindsay's work for Witherup was performed in the State of New York between February 11, 1963, and February 26, 1963, and that he never worked for Witherup prior to the job in question.

John P. Edwards was hired by Witherup in Pennsylvania and worked for them from March 2, 1959, until May 4, 1965, the majority of which was performed in Pennsylvania.

The lumber in these cases was allegedly a part of a lot of 200 planks bought by the Witherup Erection Company from James Lumber Company in Pennsylvania and delivered by James to Witherup in Ohio. James Lumber purchased the lumber in question from West Elizabeth Lumber Company in Pennsylvania and said lumber was delivered to

James Lumber Company in Pennsylvania.

Witherup's work for Sharpsville Steel was performed pursuant to a contract executed and delivered in Pennsylvania.

## II. DISCUSSION

Third-party practice under Rule 14 of the Federal Rules of Civil Procedure is proper only where a substantive right to the relief sought exists. In diversity actions, the law of the state in which the District Court sits governs as to the existence of such substantive rights. Brown v. Cranston, 132 F.2d 631, 148 A.L.R. 1178 (C.A.2, 1942); cert. den. sub. nom. Cranston v. Thompson, 319 U.S. 741, 63 S.Ct. 1028, 87 L.Ed. 1698. In the instant situation, there is, however, a complicating factor in that a choice of law problem exists due to the facts that the accident occurred in New York and the suits were filed in a Pennsylvania Federal District Court. Under New York law, defendants in the instant proceedings would have no substantive right to bring third-party actions against alleged joint tortfeasors. Brown v. Cranston, supra. However, if Pennsylvania law is applied, defendants would have the substantive right to bring the third-party action. Smith v. Whitmore, 270 F.2d 741 (C.A. 3, 1959).

The Court must follow the Pennsylvania conflict of laws rule when determining whether to apply the substantive law of New York or Pennsylvania. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Recently, the Supreme Court of Pennsylvania struck down the strict rule that the substantive law of the place of the injury controls, and adopted a more flexible rule that permits the Courts to evaluate the interests of the states involved and apply the law of the state which has the most significant interests. Griffith v. United Airlines, Inc., 416 Pa. 1, 203 A.2d 796 (1964).

Since there are no precedents in Pennsylvania for a problem of this nature under the new rule, it is incumbent upon the Court to apply the rule as it believes the Supreme Court of Pennsylvania would in a similar situation. Gerr v. Emrick, 283 F.2d 293 (C.A. 3, 1960).

An analysis of the interests reveals that New York, the place of the accident, has relatively little interest in the question of whether the defendants recover contribution from the third-party defendants in these proceedings. New York's only connection with the proceeding is that the accident occurred there while work was being performed in the state. None of the parties is a citizen of New York and none of the relationships between the parties was entered into there.

On the other hand, it appears that Pennsylvania has significant interests in the issue presented. All of the defendants and all of the third-party defendants are Pennsylvania corporations. The decedent, Lindsay, was a Pennsylvania domiciliary. Moreover, plaintiff's decedent in Civil Action No. 64–120 and plaintiff in Civil Action No. 65–189 were hired in Pennsylvania. The duties and obligations owed to plaintiff's decedent and plaintiff Edwards, which defendants allege were breached by the negligence of third-party defendants Witherup and Sharpsville, arose from this employment relationship entered into in Pennsylvania.

Finally, the transactions for the sales and deliveries of the allegedly defective lumber were entered into and consummated in Pennsylvania.

From the foregoing analysis, it is obvious that Pennsylvania has the most significant interests and its law should control the joinder and liability of the third-party defendants. Therefore, the Motions for Summary Judgment of third-party defendant Sharpsville Steel Fabricators, Inc., should be denied.

An appropriate Order is entered.