Marco BEHAR, Renee Zucker, Irwyn Nathan, Dave Zucker, Paul Nathan, Ruth Vitow, Howard Meyers, N. T. Gegerson, Joseph Gegerson, Marion Miller, Howard Ebstein, Harry Salti, Bernard Rosen, Max Zucker, Gene Dagorret, Frank Carlin, Gerald H. Zucker, Esther Zucker, Margaret Zettl, Edward Pirotta, Louis Allen, Blase Iavino, Joseph Wilen, Lillian Allen, Dore Drazul, Marie Haberman, Ben Luckman, Morris Date, Darien McGavin, Sam Gordon, Mary Ryan, Zara Rosen, H. Sy Ciechanow, Edward Zucker, Harry Rosenblum, Robert Kroll, Larry Lepelstat, Rose Medine and Joseph H. Conti, Plaintiffs,

v.

Jean Ernest SAVARD, Adjutor Savard, Raoul N. Trudeau, Savard & Hart, and Stanley Younger, Defendants, and Third Party Plaintiffs, Stanley YOUNGER, Third-Party Defendant.

United States District Court
S. D. New York.
Jan. 22, 1958.

Kanton, Fixel & Rose, New York City, for plaintiffs.

Reed & Crane, New York City, for defendants and third party plaintiffs, Martin J. Coughlin, New York City, of counsel.

Louis B. Brodsky, New York City, appearing specially for third party defendant, Stanley I. Younger, Arthur M. Wechsler, New York City, of counsel.

IRVING R. KAUFMAN, District Judge.

This is an action arising out of the alleged violations by defendants of the Securities Act of 1933, as amended, 15 U.S.C.A. § 77a et seq., and the Securities Exchange Act of 1934, as amended, 15 U.S.C.A. § 78a et seq., in connection with the sale of securities to plaintiffs. The defendants, Jean Ernest Savard, Adjutor Savard and Raoul N. Trudeau, individually and as co-partners of Savard & Hart, have by leave of the court served upon Stanley Younger, their salesman and customer's man, a third party complaint alleging in substance that if the purported violations were committed as alleged in plaintiffs' complaint they were improperly committed by Younger during his period of employment and that if they should be held liable to the plaintiffs Younger would be liable over to them.

By this motion, Younger, the third party defendant, seeks to dismiss the third party complaint against him. It is his contention that having been named as a party defendant in the original complaint (though not served) he cannot properly be made a third party defendant under Rule 14(a) of the Federal Rules of Civil Procedure, 28 U.S. C.A.[1]

Ample authority exists for the proposition that a defendant cannot assert a claim under the rule against a co-defendant already a party to the action. Horton v. Continental Can Co., Inc., D.C.Neb. 1956, 19 F.R.D. 429; Almacenes Fernandez, S. A. v. Golodetz, 8 Fed.Rules Serv. 14 a. 21 Case 1, S.D.N.Y.1944. But see Shannon v. Massachusetts Bonding &

---

[1]. Rule 14(a) provides that:
    "Before the service of his answer a defendant may move ex parte or, after the service of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him."

Ins. Co., D.C.W.D.La.1945, 62 F.Supp. 532. However, no case has been called to my attention which has considered the problem of whether a party named as a defendant in the plaintiffs' complaint, though not served, is nevertheless a "party to the action" who cannot be brought in as a third party defendant under Rule 14(a). Those cases cited by the third party defendant to the effect that a party already appearing of record cannot be subjected to a third party complaint involve attempts by a defendant to bring in as a third party defendant one of the co-plaintiffs in the action and are therefore inapposite to the case at bar. Smith v. Brown, D.C.M.D.Pa.1955, 17 F.R.D. 39; Chevassus v. Harley, D.C.W.D.Pa.1948, 8 F.R.D. 410. A plaintiff having sought the jurisdiction of the court is clearly a party to the action within the meaning of the rule and is to be distinguished from a party who though named in the complaint is not subject to the personal jurisdiction of the court and against whom no judgment in personam can be granted.

█ If such an argument were to prevail here a plaintiff would be in a position to obstruct a defendant's right to indemnity under Rule 14(a) merely by naming someone as a co-defendant without making service upon him. In this case the third party plaintiffs were served with the complaint on March 1, 1957. No service having been made upon the third party defendant to date it is reasonable to assume that none will be forthcoming. The situation is similar to one where a plaintiff obtains a voluntary dismissal of his action as to one of the co-defendants named in the complaint. Under such circumstances the party against whom the complaint is dismissed can be subsequently brought in under accepted third party practice. See Shannon v. Massachusetts Bonding & Ins. Co., D.C.W.D.La.1945, 62 F.Supp. 532, 536.

█ The purpose of Rule 14 was to avoid circuity and multiplicity of action by affording an opportunity to accomplish in one proceeding the adjudication of the rights of all persons concerned in the controversy. Toward this end the rule is liberally applied. Russell Poling & Co. v. United States, D.C.S.D.N.Y. 1956, 140 F.Supp. 890, 893; Lawrence v. Great Northern Ry. Co., D.C.Minn. 1951, 98 F.Supp. 746, 748. Consistent with this policy I find that for the purpose of Rule 14 the third party defendant was not a party to the action and could properly be served with a third party complaint.

█ Rule 14(a) authorizes the service by defendant of a third party complaint "upon a person * * * who is or may be liable to him for all or part of the plaintiff's claim against him." The rule was not intended to confer any substantive rights on the parties and whether a third party defendant is or may be liable to the third party plaintiff is dependent on the applicable state law. See Waylander-Peterson Co. v. Great Northern Ry. Co., 8 Cir., 1953, 201 F.2d 408, 37 A.L.R.2d 1399.

█ It is the third party defendant's next contention that in view of the New York rule of contribution, New York does not recognize any recovery as between joint tortfeasors until a joint money judgment has been recovered against two or more defendants and one has paid more than his proportionate share of the judgment. Brown v. Cranston, 2 Cir., 1942, 132 F.2d 631, certiorari denied, 1943, Cranston v. Thompson, 319 U.S. 741, 63 S.Ct. 1028, 87 L.Ed. 1698; Fox v. Western New York Motor Lines, Inc., 1931, 257 N.Y. 305, 178 N.E. 289, 78 A.L.R. 578; Wineck v. Yanoff, 2d Dept.1942, 265 App.Div. 835, 37 N. Y.S.2d 563. But the New York rule of contribution as between joint tortfeasors does not negative the principle of indemnity on other grounds. Thus where the parties are not in pari delicto as where a principal is liable by operation of law for the affirmative tortious conduct of his agent the former is entitled to indemnification from the latter and

may implead said agent as a party who is or may be liable over to him. Tomko v. City Bank Farmers Trust Co., D.C.E. D.N.Y.1943, 3 F.R.D. 31; McLaughlin v. City of Syracuse, 4th Dept.1945, 269 App.Div. 382, 56 N.Y.S.2d 594. Such is the relationship in the instant case. Assuming, as I must in motions of this kind, the truth of the allegations contained in the third party complaint, a right to indemnity is made out under New York law and the third party claim should not be dismissed at this posture of the case. The motion to dismiss the third party complaint is accordingly denied. So ordered.