**HANDEL–MAATSCHAPPIJ H. ALBERT DE BARY & CO., N.V., Plaintiff,**

v.

**FARADYNE ELECTRONICS CORPORA-TION, Manny Brucker, Bernard P. Birnbaum, James W. Roy, John R. Hutzler, Anthony V. Fraioli and Sol Feldman, Defendants.**

**FARADYNE ELECTRONICS CORPORA-TION, Manuel Brucker, Bernard P. Birnbaum and Sol Feldman, Third-Party Plaintiffs,**

v.

**SCHRIJVER & CO., Third-Party Defendant.**

United States District Court
S. D. New York.
Dec. 16, 1964.

**358**

Garfield, Solomon & Mainzer, New York City, Jacob Freed Adelman and Elliott J. Solomon, New York City, of counsel, for third-party defendant Schrijver & Co.

Poletti, Freidin, Prashker, Feldman & Gartner, New York City, Lawrence H. Reilly and Noel B. Berman, New York City, of counsel, for third-party plaintiffs Faradyne Electronics Corp., Manuel Brucker, Bernard P. Birnbaum and Solomon Feldman.

Sullivan & Cromwell, New York City, William E. Willis, New York City, of counsel, for plaintiff Handel-Maatschappij H. Albert De Bary & Co. N.V.

MacMAHON, District Judge.

On July 28, 1964, Handel-Maatschappij H. Albert De Bary & Co. N.V. ("De Bary") filed an amended complaint against Faradyne Electronics Corporation ("Faradyne") and individuals alleged to be its officers and directors. The defendants answered on September 9, 1964. On the same day Faradyne, joined by three of the six individual defendants, filed a third-party complaint against Schrijver & Co. ("Schrijver"). Schrijver now moves under Rules 12(b) and 14(a) of the Federal Rules of Civil Procedure, 28 U.S.C., to dismiss the third-party complaint.

De Bary's amended complaint states two causes of action; the first under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j, for damages suffered in purchasing Faradyne's stock in reliance upon a misleading prospectus, and the second for common law fraud in the same transaction. Subject matter jurisdiction of the first claim is based on Section 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa, and pendent jurisdiction is asserted with respect to the second claim. Jurisdiction of both claims is further based upon diversity under 28 U.S.C. § 1332.

Faradyne's third-party complaint alleges that Schrijver was an underwriter of Faradyne's offering made pursuant to the prospectus which De Bary claims was misleading, and that Schrijver sold the stock in question to De Bary in August 1960. Faradyne contends that the prospectus was truthful when issued in November 1959. Faradyne further alleges that if De Bary was furnished with a copy of the prospectus, it was furnished by Schrijver, without Faradyne's authorization; that if the prospectus was misleading to De Bary, it was so because of changes in Faradyne's business subsequent to the date of the prospectus; and that Schrijver knew of such changes and informed Faradyne that it had fully apprised De Bary of them.

Schrijver now moves under Rule 12(b) to dismiss Faradyne's third-party complaint on the ground that Schrijver cannot be liable to Faradyne for any part of De Bary's claim, possible liability being a predicate to a proper third-party complaint under Rule 14(a), which provides:

"At any time after commencement of the action a defendant, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or *may* be liable to him for all or part of the plaintiff's claim against him. * * *" [Emphasis added.]

It is important to note that Rule 14(a) creates no substantive rights to reimbursement, contribution, or indemnity but merely simplifies procedure, where such a right exists, by allowing its determination at the trial of the original claim. Behar v. Savard, 21 F.R.D. 367 (S.D.N.Y.1958). See 3 Moore, Federal Practice ¶ 14.03, at 491 (2d ed. 1963).

Schrijver contends that even under the facts alleged by Faradyne,

Schrijver could not be made to indemnify Faradyne and cannot, therefore, be liable "for all or part of the plaintiff's claim against him." There is no merit to this contention. Clearly Schrijver would be secondarily liable to Faradyne if Faradyne were held liable to De Bary for Schrijver's unauthorized use of a prospectus which was accurate when written, but misleading when given by Schrijver to De Bary more than eight months later. As Judge Kaufman said in Behar v. Savard, supra, 21 F.R.D. at 369–370:

> " * * * Thus where the parties are not in pari delicto as where a principal is liable by operation of law for the affirmative tortious conduct of his agent the former is entitled to indemnification from the latter and may implead said agent as a party who is or may be liable over to him."

Schrijver also contends that the third-party complaint fails to show that Schrijver is or may be liable to Faradyne for some part of De Bary's claim because the facts alleged in the third-party complaint are not encompassed by the amended complaint. In its memorandum of law in support of the motion, Schrijver argues:

> "Clearly the plaintiff is asserting its causes of action upon statements and omissions contained in a particular document, and not upon any fraud or misrepresentation concerning events or statements made *subsequent* to November 30, 1959."

In keeping with modern federal practice, the allegations of De Bary's amended complaint are general:

> "9. The Prospectus was circulated by defendants to the public, including the plaintiff * * *.
>
> "10. The Prospectus contained untrue statements of material facts and omitted to state material facts * * *.
>
> "11. The said Prospectus falsely represented the business plans of Faradyne and misrepresented its primary area of activity; it misrepresented the markets for an important Faradyne product; and it omitted to state that Faradyne contemplated leasing property from two of its directors * * *.
>
> "12. In reliance upon the truth of the statements made in the Prospectus, plaintiff on or about August 5, 1960, purchased from defendant Faradyne 10,000 shares of the common stock of Faradyne. * * *"

It is true that nowhere in the amended complaint is there any specific mention of the pertinent facts alleged by Faradyne in its third-party complaint; particularly, that the sale in question was through De Bary's agent Schrijver, and that the prospectus was given De Bary by Schrijver, without Faradyne's authorization, and was misleading because conditions had changed subsequent to its issuance eight months before the sale. Nevertheless, De Bary remains free to establish these facts at the trial as they are within the framework of De Bary's broad amended complaint. If De Bary establishes these facts, Faradyne may be liable to De Bary, and Schrijver may be liable to Faradyne.

As long as De Bary is free to prove these facts under its amended complaint, Schrijver "is or may be liable to" Faradyne "for all or part of the plaintiff's claim" against Faradyne within the requirement of Rule 14(a). Behar v. Savard, supra. Therefore, the third-party complaint cannot be dismissed.

Accordingly, the motion to dismiss the third-party complaint is denied.

So ordered.